William R. Overend (SBN 180209)
Email: woverend@reedsmith.com
Seth B. Herring (SBN 253907)
Email: sherring@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Plaintiff Vapur, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAPUR, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RESHINE PROMOTION INC, a Business Entity,<br><br>Defendant. | Case No. CV11-04568 ODW (JCx)<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES BASED ON FEDERAL TRADEMARK COUNTERFEITING, FEDERAL TRADEMARK INFRINGEMENT, FEDERAL TRADE DRESS INFRINGEMENT, FEDERAL DESIGN PATENT INFRINGEMENT, FEDERAL UNFAIR COMPETITION, AND CALIFORNIA UNFAIR COMPETITION**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff Vapur, Inc. ("Vapur") alleges:

1. This is a complaint for injunctive relief and damages based on trademark counterfeiting, trademark infringement, trade dress infringement, and federal unfair competition arising under the Trademark Act of 1946, 15 U.S.C. Section 1051, et seq., as amended (hereinafter "Lanham Act"); patent infringement arising under the Patent Act of 1952, 35 U.S.C. Section 1 et seq.; as well as related state law claims.

## JURISDICTION

2. This Court has jurisdiction over this action under 15 U.S.C. Section 1121 (actions arising under the Lanham Act); 28 U.S.C. Section 1331 (federal question jurisdiction); 28 U.S.C. Section 1338(a) (any act of Congress relating to patents, copyrights and trademarks); 28 U.S.C. Section 1338(b) (action asserting a state claim of unfair competition joined with a substantial and related federal claim under the patent, copyright or trademark laws); 28 U.S.C. Section 1367 (supplemental jurisdiction); and the doctrines of ancillary and pendent jurisdiction.

3. The Court has personal jurisdiction over Defendant, which, on information and belief, resides in this judicial District, transacts business within this judicial District and has committed acts of trademark infringement, patent infringement and other wrongful conduct within this judicial District.  Vapur is further informed and believes and thereon alleges that Defendant, among other things:  (a) markets, offers to sell, sells and/or induces others to use its infringing products in the Central District of California via Reshine's website; (b) markets, offers to sell, sells and/or induces others to use its infringing products via nationwide marketing efforts directed to citizens and inhabitants of the Central District of California; and (c) purposefully and voluntarily places one or more of its infringing products into the stream of commerce with the expectation that they will be purchased by consumers throughout the United States, including in the Central District of California, and with the result that such products have been and continue to be offered for sale, sold, and/or used by consumers in the Central District of California.

## VENUE

4. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)-(c) and 1400(b) because, on information and belief, Defendant has infringed the design patents, trademarks and other intellectual property at issue in this judicial district, Defendant resides in this district, and a substantial part of the events giving rise to the alleged claims in this action occurred in this judicial district.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## THE PARTIES

5. Plaintiff Vapur is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Westlake Village, California. Vapur is engaged in the business of marketing and distributing its unique and highly-successful Vapur® The Anti-Bottle® foldable water bottles ("Anti-Bottles").

6. Vapur is informed and believes and thereon alleges that Defendant Reshine Promotion Inc ("Reshine") is a California company, with its business headquarters located at 26500 West Agoura Road, Suite 102-608, Calabasas, California 91302. Reshine operates an Internet website which promotes, markets, and sells various goods, including infringing and counterfeit versions of Vapur's Anti-Bottles.

## GENERAL ALLEGATIONS

### Vapur's Valuable Intellectual Property Rights

7. In 2009, Vapur introduced its highly-successful Anti-Bottles in interstate commerce in the United States. As opposed to ordinary water bottles, Anti-Bottles are flexible and foldable, making them ideal for transporting. Anti-Bottles are marketed and sold in different sizes and various colors, including blue, green, purple, and orange.

8. Vapur owns the valuable trademark rights to a number of trademarks which have been used in interstate commerce in connection with the promotion, distribution, offer for sale and sale of its Anti-Bottle products. Specifically, since at least 2009, Vapur has used the trademarks VAPUR® and THE ANTI-BOTTLE® (collectively, "Vapur Trademarks") in interstate commerce continuously in connection with the design, development, manufacture, promotion, marketing, and sale of Vapur's Anti-Bottles and related products.

9. Vapur has expended substantial time, effort and money in the promotion and advertisement of its products under the Vapur Trademarks, including advertisements, articles and news releases in local and nationwide magazines, trade publications, and the Internet. As a result of this widespread and continuous use and promotion by Vapur, the Vapur Trademarks have achieved broad national recognition as identifying Vapur as the exclusive source of a variety of its high

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  quality Anti-Bottles and related products and distinguishing such products from those of others. As
2  such, the Vapur Trademarks have acquired secondary meaning in the minds of the consuming
3  public.

4        10. On or about March 30, 2010, the United States Patent and Trademark Office
5  ("PTO") entered the "Vapur" trademark on the Principal Register as U.S. Trademark Registration
6  No. 3,766,784 ("VAPUR® Mark"). On or about December 10, 2010, the PTO entered the "The
7  Anti-Bottle" trademark on the Principal Register as U.S. Trademark Registration Number 3,893,851
8  ("ANTI-BOTTLE® Mark"). Attached hereto as Exhibits A and B, respectively, are true and correct
9  copies of the federal trademark registrations for the VAPUR® and ANTI-BOTTLE® Marks.

10       11. In addition to its trademarks, Vapur has promoted its Anti-Bottle products through
11 their unique trade dress. Vapur's Anti-Bottles are colorful, trapezoidal-shaped bottles, with a hole in
12 the upper side of the bottle and other distinctive design features. These and other design elements,
13 taken as a whole, create a unique and non-functional trade dress which readily identifies Vapur's
14 Anti-Bottle products ("Vapur Trade Dress"). True and correct copies of images of Vapur's Anti-
15 Bottle products, showing some of these unique trade dress features, is attached hereto as Exhibit C

16       12. The Vapur Trade Dress is inherently distinctive and non-functional, and
17 represents a highly original and unique design for water bottles. Vapur's Anti-Bottles have enjoyed
18 wide success throughout the United States. As a result of Vapur's widespread sales and marketing
19 efforts, the Vapur Trade Dress is well-recognized by consumers, and has acquired secondary
20 meaning as an indicator of origin for Vapur's Anti-Bottles. The Vapur Trade Dress has come to
21 represent and symbolize the outstanding quality of Vapur's Anti-Bottles and enjoys substantial
22 goodwill among the public. Vapur has used the Vapor Trade Dress in interstate commerce in
23 connection with the design, development, manufacture, promotion, marketing, and sale of its Anti-
24 Bottles and related accessories.

25       13. Vapur also owns valuable patent rights relating to its Anti-Bottle products.
26 Specifically, Vapur's new and original bottle design has been awarded two United States Design
27 Patents: (a) United States Patent No. D619,906 S ("the '906 Patent"), which was duly and lawfully
28 issued by the PTO and assigned to Vapur on July 20, 2010; and (b) United States Patent No.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

D622,612 S ("the '612 Patent"), which was duly and lawfully issued by the PTO and assigned to Vapur on August 31, 2010 (collectively, "Vapur Design Patents"). Vapur has remained the owner of the Vapur Design Patents since the dates of their issuance, and these patents remain in full force and effect. Attached hereto as Exhibits D and E are true and correct copies of the '906 and '612 Patents.

14. As a result of the unique design of the bottles and Vapur's substantial investment in its products and related intellectual property rights, Vapur's Anti-Bottles have enjoyed immense commercial success. Vapur's success has been noted by its competitors and would-be competitors, including Defendant Reshine. On information and belief, Reshine has deliberately made, used, marketed, sold, offered for sale and/or imported into the United States counterfeit versions of Vapur's products in order to confuse consumers and wrongfully trade upon Vapur's reputation and goodwill.

### Reshine is Selling Counterfeit Goods That Violate Vapur's Intellectual Property Rights

15. Reshine is currently marking, using, marketing, selling, offering for sale, and/or importing water bottles which are virtually identical to, and indeed counterfeit copies of, Vapur's Anti-Bottles ("Counterfeit Bottles").

16. Among other things, Reshine's Counterfeit Bottles are using counterfeit versions of the Vapur Trademarks. Specifically, Reshine is marketing and selling its Counterfeit Bottles in interstate commerce using unauthorized reproductions of the VAPUR® Mark and the ANTI-BOTTLE® Mark that are identical to, or substantially indistinguishable from, the Vapur Trademarks. In addition, Vapur is informed and believes and thereon alleges that Reshine's Counterfeit Bottles are sold and marketed along with promotional materials using unauthorized and counterfeit replications of the ANTI-BOTTLE® word mark. Reshine uses the same and/or similar marketing and distribution channels to sell the Counterfeit Bottle as Vapur uses to sell Anti-Bottles, including the Internet. Attached hereto as Exhibit F are true and correct images of the Counterfeit Bottle.

17. Moreover, Reshine's Counterfeit Bottles use the same trade dress as the Vapur

Anti-Bottles. Like authentic Anti-Bottles, the Counterfeit Bottles are colorful, trapezoidal-shaped, with a hole in the upper side of the bottle, and they copy other specific features of the Vapur Trade Dress as well. In other words, Reshine's Counterfeit Bottles are complete knock-offs of the entire design of Vapur's Anti-Bottles. As such, the Counterfeit Bottles incorporate all of the distinctive and protectable elements of the Vapur Trade Dress.

18. In addition, Reshine's Counterfeit Bottles replicate the unique design elements covered by the Vapur Design Patents, including the unique design of the bottle and the world map pattern etched in the front of the bottle. Again, because the Counterfeit Bottles are complete knock-offs of Vapur's Anti-Bottles, they include the same overall design as the Anti-Bottles and have misappropriated all of the specific protectable design features of the Anti-Bottles.

19. Vapur has not consented to, sponsored, endorsed, or approved Reshine's use of the Vapur Trademarks or Vapur Trade Dress in connection with any of Reshine's products. Nor has Vapur consented to, authorized, licensed or otherwise approved Reshine to use designs covered by the Vapur Design Patents.

20. Reshine has never been duly authorized to provide services for Vapur or any of its authorized agents.

21. In connection with the Counterfeit Bottles, Reshine has used trademarks which are identical or virtually identical to Vapur's VAPUR® and ANTI-BOTTLE® Marks. Reshine has also used trade dress which is identical or virtually identical to the Vapur Trade Dress. The unauthorized use of the Vapur Trade Dress and the Vapur Trademarks is likely to cause confusion in the minds of consumers as to the sponsorship, endorsement, association, or approval of Reshine's products by Vapur. This unauthorized use of Vapur's trademarks and trade dress also deprives Vapur of the ability to exercise control over the quality of products bearing its protected marks and trade dress. As such, this unauthorized use of Vapur's trademarks constitutes trademark counterfeiting and infringement and trade dress infringement.

22. Vapur's Anti-Bottles and the Counterfeit Bottles would reasonably be thought by consumers to come from the same source, or to be affiliated with, connected to, or sponsored by Vapur. Likelihood of confusion is and will only be exacerbated by the fact that Reshine's

unauthorized products are identical to, directly competitive with, and marketed and sold in the same or similar distribution channels as, Vapur's products. Vapur's and Reshine's products are likely to be purchased by the same types of customers and advertised and promoted in the same and/or similar advertising channels.

23. Likewise, Reshine's use of the same designs as are covered by the Vapur Design Patents is likely to confuse consumers. An ordinary observer, familiar with any prior art designs, would be deceived into believing that the Counterfeit Bottles have the same design as those protected by the Vapur Design Patents.

24. Vapur is informed and believes and thereon alleges that the foregoing actions of Reshine have been knowing, deliberate, willful, in utter disregard of Vapur's rights, and with the intent to trade on Vapur's goodwill.

25. Reshine's unlawful activity described in the foregoing paragraphs has resulted, and continues to result, in irreparable harm and injury to Vapur. Among other harms, it deprives Vapur of its absolute right to determine the manner in which its image is presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon, and cashes in on, Vapur's reputation and exclusive rights in its trademarks, trade dress, and design patents; and irreparably harms and injures Vapur's business reputation. In particular, the distribution and sale of unauthorized products which bear Vapur's registered trademarks, trade dress, and design patents is likely to cause the value of Vapur's trademarks, trade dress, and design patents to be lost or diminished, thereby resulting in irreparable injury. In addition, unless enjoined, Reshine will significantly impact demand adversely for authorized Anti-Bottles. For example, consumers may choose to purchase the cheaper, lower quality versions of the Counterfeit Bottles rather than the authorized Anti-Bottles. As a direct and proximate result of Reshine's conduct set forth above, Vapur has been injured and damaged in an amount to be proven.

26. Reshine's conduct is continuing, and will continue, unless enjoined by the Court.

27. Unless Reshine is enjoined from engaging in the infringing conduct described

above, Vapur will suffer irreparable injury and further damage. Thus, it would be difficult to ascertain the amount of compensation which could afford Vapur adequate relief for Reshine's acts, and Vapur's remedy at law is not adequate to compensate for said harm and damage.

## FIRST CLAIM FOR RELIEF

(Trademark Counterfeiting – Federal Law)

28. Vapur repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

29. Notwithstanding Vapur's statutory and common law rights in the Vapur Trademarks, with knowledge of the Vapur Trademarks, and with constructive and actual notice of Vapur's federal registration rights in the Vapur Trademarks, Reshine is using in interstate commerce unauthorized copies of Vapur's Anti-Bottles and marketing materials that bear trademarks identical to, or substantially indistinguishable from, the Vapur Trademarks. Reshine's actions are likely to cause confusion, deception and mistake among the consuming public as to the source or affiliation of such unauthorized products, and Reshine's actions further deprive Vapur of control over the quality of its goods.

30. Vapur is informed and believes, and thereon alleges, that the foregoing actions of Reshine have been knowing, deliberate, willful and in utter disregard of Vapur's rights.

31. As a direct and proximate result of Reshine's conduct set forth above, Vapur has been injured and damaged in an amount to be proven.

32. The use by Reshine of counterfeit, unauthorized copies of Vapur's Anti-Bottles bearing trademarks identical to, or substantially indistinguishable from, the Vapur Trademarks and/or sold in packaging bearing trademarks identical to, or substantially indistinguishable from, the Vapur Trademarks constitutes trademark counterfeiting. By reason of the foregoing, Reshine has violated and will continue to violate Section 32(l) of the Lanham Act, 15 U.S.C. § 1114(l).

WHEREFORE, Vapur prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

(Trademark Infringement – Federal Law)

33. Vapur repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

34. Notwithstanding Vapur's statutory and common law rights in the Vapur Trademarks, with knowledge of the Vapur Trademarks, and with constructive and actual notice of Vapur's federal registration rights in the Vapur Trademarks, Reshine is using in interstate commerce unauthorized copies of Vapur's Anti-Bottles and marketing material that bear trademarks identical to, or substantially indistinguishable from, the Vapur Trademarks. Reshine's actions are likely to cause confusion, deception and mistake among the consuming public as to the source or affiliation of such unauthorized products, and Reshine's actions further deprive Vapur of control over the quality of its goods.

35. Vapur is informed and believes, and thereon alleges, that the foregoing actions of Reshine have been knowing, deliberate, willful and in utter disregard of Vapur's rights.

36. As a direct and proximate result of Reshine's conduct set forth above, Vapur has been injured and damaged in an amount to be proven.

37. The use by Reshine of unauthorized copies of Vapur's Anti-Bottles bearing trademarks identical to, or substantially indistinguishable from, the Vapur Trademarks and/or sold in packaging bearing trademarks identical to, or substantially indistinguishable from, the Vapur Trademarks constitutes trademark infringement. By reason of the foregoing, Reshine has violated and will continue to violate Section 32(l) of the Lanham Act, 15 U.S.C. § 1114(l).

WHEREFORE, Vapur prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF

(Trade Dress Infringement – Federal Law)

38. Vapur repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

39. Notwithstanding Vapur's rights in the Vapur Trade Dress and with knowledge of the Vapur Trade Dress, Reshine is promoting and selling in interstate commerce bottles with trade dress identical to, or substantially indistinguishable from, the Vapor Trade Dress. Reshine's actions are likely to cause confusion, deception and mistake among the consuming public as to the source or affiliation of such unauthorized products, and Reshine's actions further deprive Vapur of control over the quality of its goods.

40. Vapur is informed and believes, and thereon alleges, that the foregoing actions of Reshine have been knowing, deliberate, willful and in utter disregard of Vapur's rights.

41. As a direct and proximate result of Reshine's conduct set forth above, Vapur has been injured and damaged in an amount to be proven.

42. The promotion, marketing, distribution and/or sale by Reshine of unauthorized copies of Vapur's Anti-Bottles using trade dress identical to, or substantially indistinguishable from, the Vapur Trade Dress constitutes trade dress infringement. By reason of the foregoing, Reshine has violated and will continue to violate Section 32 of the Lanham Act, 15 U.S.C. § 1125(a).

WHEREFORE, Vapur prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF

(Federal Unfair Competition and False Designation of Origin – Lanham Act)

43. Vapur repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

44. Vapur is informed and believes and thereon alleges that Reshine's actions alleged above amount to unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), in that they create, cause and/or contribute to a false association between Vapur's Anti-Bottles and Reshine's Counterfeit Bottles. Reshine thereby causes and contributes to consumer confusion as to the sponsorship, endorsement, association, or approval of Reshine's products by Vapur.

45. Vapur is informed and believes, and thereon alleges, that the foregoing actions of Reshine have been knowing, deliberate, willful and in utter disregard of Vapur's rights.

46. These wrongful acts by Reshine have proximately caused and will continue to cause Vapur substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in value of its intellectual property.

47. The above acts by Reshine constitute unfair competition and false designation of origin. By reason of the foregoing, Reshine has violated and will continue to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), unless enjoined by the Court.

WHEREFORE, Vapur prays for relief as set forth below.

## FIFTH CLAIM FOR RELIEF

(Infringement of the '906 Patent – Federal Law)

48. Vapur repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

49. On July 20, 2010, the '906 Patent duly and legally issued to Vapur as assignee. On and since July 20, 2010, Vapur has been and still is the owner of all rights, title, and interest in the '906 Patent.

50. Through the conduct described above, Reshine has infringed and continue to infringe the '906 Patent by making, using, selling, offering for sale, and/or importing into the United States one or more products, including the Counterfeit Bottles, which embody or practice the claimed invention of the '906 Patent, without authority or license from Vapur.

51. Vapur is informed and believes, and thereon alleges, that Reshine's infringement of the '906 Patent has been willful.

52. By the aforesaid actions, Reshine has violated the patent laws of the United States, 35 U.S.C. Section 271, *et al.*, and will continue to do so unless permanently enjoined by the Court.

53. As a direct and proximate result of Reshine's conduct set forth above, Vapur has been injured and damaged in an amount to be proven.

WHEREFORE, Vapur prays for relief as set forth below.

## SIXTH CLAIM FOR RELIEF

(Infringement of the '612 Patent – Federal Law)

54. Vapur repeats and realleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

55. On August 31, 2010, the '612 Patent duly and legally issued to Vapur as assignee. On and since August 31, 2010, Vapur has been and still is the owner of all rights, title, and interest in the '612 Patent.

56. Through the conduct described above, Reshine has infringed and continue to infringe the '612 Patent by making, using, selling, offering for sale, and/or importing into the United States one or more products, including the Counterfeit Bottles, which embody or practice the claimed invention of the '612 Patent, without authority or license from Vapur.

57. Vapur is informed and believes, and thereon alleges, that Reshine's infringement of the '612 Patent has been willful.

58. By the aforesaid actions, Reshine has violated the patent laws of the United States, 35 U.S.C. Section 271, *et al.,* and will continue to do so unless permanently enjoined by the Court.

59. As a direct and proximate result of Reshine's conduct set forth above, Vapur has been injured and damaged in an amount to be proven.

WHEREFORE, Vapur prays for relief as set forth below.

## SEVENTH CAUSE OF ACTION

(Unfair Competition/Unfair Business Practices –

California Statutory and Common Law)

60. Vapur repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

61. Vapur has built up valuable goodwill in its various intellectual property, including its design patents, trademarks, and trade dress, for its high quality Anti-Bottles and related products.

62. Reshine's misuse of Vapur's design patents, trademarks, and trade dress has

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

created and contributed to, and continues to create and contribute to, confusion, mistake, and deception among consumers as to the source of Reshine' unauthorized bottles, and falsely suggests a connection or association between Reshine's unauthorized bottles and Vapur.

63. Vapur is informed and believes and thereon alleges that the foregoing actions of Reshine have been knowing, deliberate, willful, and in utter disregard of Vapur's rights.

64. Reshine's wrongful acts have proximately caused and will continue to cause Vapur substantial and irreparable injury, including loss of customers, dilution of goodwill, confusion of potential customers, injury to reputation, and diminution in the value of its intellectual property.

65. Reshine's acts and practices constitute unlawful and unfair business acts and practices within the meaning of California Business and Professions Code Section 17200, et seq. and California Common Law. Reshine's unlawful and unfair business acts and practices are a direct and proximate cause of injury to Vapur.

66. Vapur is entitled to recover amounts by which Reshine has been unjustly enriched from their unlawful and unfair business acts and practices of unfair competition.

67. By reason of the foregoing, Reshine has violated Sections 17200, et seq., of the California Business and Professions Code and California Common Law.

WHEREFORE, Vapur prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court for the following relief:

1. That judgment be entered in favor of Vapur and against Reshine on all counts;

2. That judgment be entered in favor of Vapur and against Reshine for statutory damages sustained by Vapur due to Reshine's trademark counterfeiting, in the amount of not less than $500 or more than $1,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the Court considers just, pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. Section 1117(c);

3. That judgment be entered in favor of Vapur and against Reshine for all damages sustained by Vapur due to Reshine's trademark counterfeiting, trademark infringement, trade dress

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

infringement, and unfair competition under the Lanham Act and California law;

4. That judgment be entered in favor of Vapur and against Reshine for all profits received due to Reshine's trademark counterfeiting, trademark infringement, trade dress infringement, and unfair competition in violation of the Lanham Act and California law;

5. That the award to Vapur for Reshine's trademark infringement, trade dress infringement, and unfair competition in violation of the Lanham Act be trebled, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. Section 1117(a);

6. That judgment be entered in favor of Vapur and against Reshine for three times the profits or actual damages sustained by Vapur due to Reshine's trademark counterfeiting, together with its reasonable attorneys' fees, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. Section 1117(b);

7. That judgment be entered in favor of Vapur and against Reshine for all damages adequate to compensate Vapur for Reshine's acts of infringement of the '906 Patent and/or the '612 Patent, including but not limited to monetary damages of no less than a reasonable royalty;

8. That the award to Vapur for Reshine's acts of patent infringement be trebled pursuant to 35 U.S.C. Section 284;

9. An Order and decree, pursuant to 35 U.S.C. Section 285, that this an exceptional case entitling Sybase to an award of its reasonable attorneys' fees and costs;

10. That the Court order injunctive relief and restitution pursuant to California Business and Professions Code Sections 17200, et seq.;

11. That the Court preliminarily and permanently enjoin Reshine, its officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert or privity or in participation with Reshine, jointly and severally, from:

   a. Imitating, copying or making use of the VAPUR® Mark or any confusingly similar variation thereof;

   b. Imitating, copying or making use of the ANTI-BOTTLE® Mark or any confusingly similar variation thereof;

   c. Manufacturing, producing, distributing, importing, marketing, selling,

offering for sale, or displaying any products or other items bearing any copy or colorable imitation of any of Vapur's trademark rights, including the Vapur Trademarks;

  d. Using any copy or colorable imitation of the Vapur Trade Dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, printing, importation, production, circulation or distribution of any products or services, including the Counterfeit Bottles;

  e. Engaging in any other activity constituting unfair competition with Vapur, or constituting an infringement of Vapur's Trademarks, Trade Dress or Design Patents, or constituting any damage to Vapur's name, trademarks, reputation, or goodwill

  f. Making, using, offering for sale, selling and/or importing infringing Counterfeit Bottles, and from otherwise infringing, contributing to the infringement of, or actively inducing infringement of, the '906 Patent and/or the '612 Patentss;

  g. Continuing to market, offer, sell, transfer, advertise, promote, develop or manufacture any bottles, including the Counterfeit Bottle, that infringe Vapur's intellectual property rights, or to participate or assist in any such activity;

  h. Moving, discarding, destroying, selling, transferring, or otherwise disposing of any Counterfeit Bottles or any other products or materials bearing the Vapur Trademarks, or to any other products or materials that infringe or contribute to the infringement of Vapur's intellectual property rights, including its design patent, trademark and trade dress rights; and

  i. moving, discarding, destroying, selling, transferring, or otherwise disposing of any business records, labels, wrappers, stickers, signs, sales materials, advertising materials, or promotional materials relating to the Counterfeit Bottles or any other products or materials bearing the Vapur Trademarks, or to any other products that infringe or contribute to the infringement of Vapur's intellectual property rights, including its design patent, trademark and trade dress rights.

  12. That Vapur be awarded its costs and reasonable attorneys' fees incurred in this action;

13. That Vapur be awarded prejudgment interest and post-judgment interest on the above damages awards; and

14. That Vapur be awarded such other and further relief as the Court may deem just and proper.

DATED: May 25, 2011

REED SMITH LLP

By _____
William R. Overend
Attorneys for Plaintiff
Vapur, Inc.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff Vapur, Inc. hereby demands a jury trial as to all triable issues in this action in accordance with Local Rule 38-1.

DATED: May 25, 2011

                        REED SMITH LLP

                        By _____
                            William R. Overend
                            Attorneys for Plaintiff
                            Vapur, Inc.

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# vapur

Reg. No. 3,766,784
Registered Mar. 30, 2010

Int. Cl.: 21

TRADEMARK
PRINCIPAL REGISTER

VAPUR, INC. (CALIFORNIA CORPORATION)
SUITE 100
4540 E. THOUSAND OAKS BLVD.
WESTLAKE VILLAGE, CA 91362

FOR: REFILLABLE DRINKING VESSELS FOR CONSUMABLE LIQUIDS MADE OF FLEXIBLE PLASTIC, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 1-0-2009; IN COMMERCE 7-0-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE WORDING "VAPUR" HAS NO MEANING IN A FOREIGN LANGUAGE.

SER. NO. 77-798,057, FILED 8-5-2009.

MICHAEL GAAFAR, EXAMINING ATTORNEY



David J. Kappos
Director of the United States Patent and Trademark Office