William R. Overend (SBN 180209)
Email: woverend@reedsmith.com
Seth B. Herring (SBN 253907)
Email: sherring@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

JS-6

Attorneys for Plaintiff Vapur, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| VAPUR, INC., a California corporation, | Case No. 2:11-CV-04568 ODW-JC |
|---|---|
| Plaintiff, | [~~PROPOSED~~] PERMANENT INJUNCTION AND FINAL JUDGMENT |
| v. | |
| RESHINE PROMOTION INC, a business entity, | Date: NA<br>Time: NA |
| Defendant. | Judge: Hon. Otis D. Wright II |

This matter comes before the Court on Plaintiff Vapur, Inc.'s ("Vapur") Application for Entry of Default Judgment. On September 6, 2011, Vapur filed the above-referenced Application, through which Vapur seeks entry of judgment on the following causes of action alleged in its Complaint: Trademark Counterfeiting under 15 U.S.C. § 1114(1); Trademark Infringement under 15 U.S.C. § 1114(1); Trade Dress Infringement under 15 U.S.C. § 1125(a); Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a); Design Patent Infringement under 35 U.S.C. § 271; and Unfair, Unlawful, and Fraudulent Business Practices under Cal. Bus. & Prof. Code § 17200. These claims are based on Defendant Reshine Promotion Inc's ("Reshine") marketing, importation, distribution, offer for sale, and sale of counterfeit versions of Vapur's highly distinctive and successful plastic water bottle ("Vapur Bottle").

On August 2, 2011, the Clerk entered Default Judgment against Reshine on Vapur's Complaint. Accordingly, all of the factual allegations in Vapur's Complaint are deemed admitted.

Vapur has presented competent evidence to support its claims for injunctive relief and, good cause having been shown, the Court hereby GRANTS Vapur's Application for Entry of Default Judgment and ORDERS the following:

1. Vapur owns the federal trademark registrations for its VAPUR® and THE ANTI-BOTTLE® trademark, U.S. Trademark Registration Nos. 3,766,784 and 3,893,851 ("Vapur Trademarks");

2. Vapur owns the trade dress rights to the inherently distinctive and non-functional aspects of the Vapur Bottle and its packaging as identified in Paragraphs 11-12 of the Complaint and Exhibit C thereto ("Vapur Trade Dress");

3. Vapur owns United States Design Patent Nos. D619,906 S and D622,612 S ("Vapur Design Patents")

4. Reshine's counterfeit version of the bottle ("Counterfeit Bottle") infringes the Vapur Trademarks, Vapur Design Patents, and Vapur Trade Dress.

5. Reshine, and its officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert or privity or in participation with Reshine, jointly and severally, shall be permanently restrained and enjoined from:

    a. Imitating, copying or making use of Vapur's registered

VAPUR® Trademarks or any confusingly similar variation thereof;

      b.    Imitating, copying or making use of Vapur's registered ANTI-BOTTLE® Mark or any confusingly similar variation thereof;

      c.    Manufacturing, producing, distributing, importing, marketing, selling, offering for sale, or displaying any products or other items bearing any copy or colorable imitation of any of Vapur's trademarks, including the Vapur Trademarks;

      d.    Using any copy or colorable imitation of the Vapur Trade Dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, printing, importation, production, circulation or distribution of any products or services, including the Counterfeit Bottles;

      e.    Engaging in any other activity constituting unfair competition with Vapur, or constituting an infringement of the Vapur Trademarks, Trade Dress or Design Patents, or constituting any damage to Vapur's name, trademarks, reputation, or goodwill

      f.    Making, using, offering for sale, selling and/or importing infringing Counterfeit Bottles, and from otherwise infringing, contributing to the infringement of, or actively inducing infringement of, the '906 Patent and/or the '612 Patents;

   g. Continuing to market, offer, sell, transfer, advertise, promote, develop or manufacture any bottles, including the Counterfeit Bottle, that infringe Vapur's intellectual property rights, or to participate or assist in any such activity;

   h. Moving, discarding, destroying, selling, transferring, or otherwise disposing of any Counterfeit Bottles or any other products or materials bearing the Vapur Trademarks or Trade Dress, or any other products or materials that infringe or contribute to the infringement of Vapur's intellectual property rights, including its design patent, trademark and trade dress rights; and

   i. Moving, discarding, destroying, selling, transferring, or otherwise disposing of any business records, labels, wrappers, stickers, signs, sales materials, advertising materials, or promotional materials relating to the Counterfeit Bottles or any other products or materials bearing the Vapur TrademMarks, or any other products that infringe or contribute to the infringement of Vapur's intellectual property rights, including its design patent, trademark and trade dress rights.

 6. Violation of this permanent injunction shall subject Reshine to contempt and any remedy available at law or equity, including, but not limited to, injunctive relief, monetary damages and the award of reasonable attorneys' fees and costs in enforcing this injunction.

7. This Court shall retain jurisdiction of this matter in connection with any possible violations of this Permanent Injunction and Final Judgment.

IT IS SO ORDERED

DATE: 10/5/11

OTIS D. WRIGHT, II
U.S. District Court Judge